# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10823
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2017

Lyle W. Cayce
Clerk

OSCAR ARMANDO, also known as Oscar Armando Sarrez, also known as Oscar Armando Mendoza, also known as Oscar Armando Escobar,

Plaintiff-Appellant

v.

LORIE DAVIS; STATE CLASSIFICATION AND RECORD,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-181

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Oscar Armando, Texas prisoner # 1361831, appeals the dismissal of his 42 U.S.C. § 1983 complaint. Additionally, he moves for summary judgment, judicial notice, enforcement and further relief, the appointment of counsel, and a temporary restraining order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10823

Armando's claims stemmed from his assignments to the Roach and Wallace Units between 2008 and 2012. Specifically, he alleged that, due to the deliberate indifference of the defendants, he was assaulted in 2008 on the Roach Unit and sustained injuries; despite this, he was reassigned to the Roach Unit in 2010; officials then transferred him to the Wallace Unit where he was assaulted on October 1, 2012, and sustained injuries; and he was thereafter reassigned to the Roach Unit, where he got into a fight. The district court dismissed Armando's claims as frivolous, malicious, and for failure to state a claim.

Armando has not briefed any challenge to the district court time bar dismissal of his claim regarding the 2008 incident on the Roach Unit or the court's res judicata ruling as to his claim regarding the October 2012 incident on the Wallace Unit. He has thus abandoned the claims. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Regarding Armando's claims stemming from his second and third assignments to the Roach Unit in 2010 and 2012, the facts he alleged in the district court failed to show that the defendants acted with deliberate indifference to a substantial risk of serious harm. We thus find no error in the district court's dismissal of these claims. *See Farmer v. Brennan*, 511 U.S. 825, 828, 837 (1994); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Accordingly, we AFFIRM the district court's judgment.

Turning to Armando's numerous motions, his request for summary judgment pursuant to Federal Rule of Civil Procedure 56 is DENIED. Such a motion is properly filed in the district court. To the extent Armando seeks summary disposition, his motion is likewise DENIED. Given his conclusory allegations, the absence of any foreclosed issues, and the posture of this case,

summary disposition is inappropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Armando's motions for judicial notice are DENIED as well. Judicial notice applies only to facts not subject to reasonable dispute. FED. R. EVID. 201(b). The facts alleged in Armando's first motion are subject to reasonable dispute. The facts alleged in his second motion, while not subject to reasonable dispute, are not properly before this court and do not aid in the disposition of this appeal.

Next, even with the benefit of liberal construction, the assertions in Armando's motion to enforce or for further relief are incomprehensible. Accordingly, we DENY the motion. *See United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Armando's motions for appointment of counsel are likewise DENIED as the case does not present exceptional circumstances. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Finally, we DENY Armando's motion for a temporary restraining order because he has not made the requisite showing. *See* FED. R. APP. P. 8(a)(2)(A).

The district court's dismissal of Armando's § 1983 complaint as frivolous, malicious, and for failure to state a claim on which relief may be granted counts as a strike under 28 U.S.C § 1915(g). *See Coleman v. Tollefson,* 135 S. Ct. 1759, 1763 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Armando is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he "is under imminent danger of serious physical injury." § 1915(g).